FILED

04 OCT 18 AM 10: 10

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

BY_____DEPUTY

Janet A. Lawson #107321
3615 S. Victoria Ave. #7
Oxnard, CA 93035-4385
(805) 985-1147
(805) 985-8857
janet.lawson@justice.com
Attorney for: Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In Re:<br><br>PEDRO GOGUE ARCEO,<br>MARIA SABLAN ARCEO,<br><br><br>Debtors<br> | Case No.  ND00-11472-RR<br><br>MOTION FOR UNCLAIMED FUNDS<br>BY DEBTORS; DECLARATION OF<br>PEDRO ARCEO AND JANET A.<br> LAWSON<br><br>Date:  12/9/2004<br>Time:  10:00 AM<br>Courtroom:201<br>Location: 1415 State Street, Santa Barbara<br>CA 93101 |

**1. INTRODUCTION.**  This is the debtors third attempt to get their money back from the District Court.  They have fallen down a procedural rabbit hole.  The first motion they made they used the require forms (as set forth in Local Rule 3011-1, a copy of which is attached hereto as Exhibit D).  The motion was denied for lack of documentation and because copies of their drivers licenses were not attached, (Exhibit E).  They made a second motion, (Exhibit F)  which,

1

1   according to the bankruptcy court judge[1], was done on the wrong form, as the form used by

2   debtors was to be used only by creditors, (according to "fiscal").   There was a further complaint

3   that copies of drivers licenses or other proof of identification was not attached.   All of this is

4   extremely frustrating because:

5       (1) neither the local rule or the forms require the attachment of drivers licenses or

6   anything else as identification. The forms are **notarized as required;**

7       (2) the local rule (Exhibit G ) does not say that the use of the procedure utilized by

8   debtors is limited to creditors!   What is says is that if you want to make a claim for unclaimed

9   funds you **shall** use the court approved form or a form that contains all of the information

10   requested in the court approved form;

11       (3) the new form (a new form has replaced the one originally used) has a place on the first

12   page to "check" saying the motion is not made by a creditor with a "fill in the space" place to

13   state who is making the motion;

14       (4) the denial of the first motion did not say that the wrong form was used;  and

15       (5) the local rule also says the motion shall comply with local rule 9013-1.  Rule 9013-1

16   is the rule concerning notice and hearing days.  The irony in this is that is that although the local

17   form does have a place to fill in the hearing date and time, debtors did not select a hearing date or

18   time because the directions from the Bankruptcy Court in Los Angeles are to send them the

19   motion for forwarding the Bankruptcy Court, (Exhibit H).

20       This attempt is being made at the specific direction of the court to file a "noticed motion"

21   and to "notice" Roberta McNeill, Comptroller, the trustees and all creditors, (see the attached

22   declaration of Janet A. Lawson).

23    **2. THE MERITS.**  As may be seen from the attached declaration of Pedro Arceo he and

24   his wife and another couple were buying a piece of property from the Mehta family trust. The

25   payments on the property were made outside the plan, so during the life of the case the note was

26

27     [1] Remarks from the bench on 10/8/2004 at the beginning of the miscellaneous calendar.

28                          2

paid off.  Mr. Pratap Mehta simply did not cash the checks sent to him.  The trustee ultimately sent the money to the District Court.  Roger Brent, the debtors attorney was ill and ultimately died on January 10, 2004, see the attached declaration of Janet A. Lawson.  He was unable to help them.

For a long time Mr. Mehta just simply did not communicate with anyone concerning the money.  Finally, he has a sent a letter saying the money belongs to the debtors (Exhibit B).  Debtors have obtained a Substitution of Trustee and Deed of Reconveyance" on the property, (Exhibit A).  Debtors paid the unsecured creditors 100% in their plan (Exhibit C)[2] so no one else has any possible claim to the money.  It belongs to the debtors and should be returned to them forthwith.

**4. CONCLUSION.**  Perhaps no one ever considered the possibility that the debtor could be entitled to a refund.  What ever the problem has been, it should be corrected.  Debtors should not have had to go thru all of this to get their money.   The original motion was filled out on the forms sent by Windsor Akim.  The forms were filled out as per the directions on them.  The second set of forms was obtained from the courts Web page.  They too were filled according to the directions on them.  Debtors complied with the local rule, 3011-1.  Now, with this third motion, they should get their money.  There have been no objections to the previous motions and there are no grounds to object to this motion.

Dated: 10/8/2004

_____
Janet A. Lawson, Attorney for Debtors.

---

[2] For that reason they have not been served with this motion.  They have no stake in the outcome.  It would unduly burdensome and expensive.  This motion is _____ pages long.

3

1   Declaration of  Janet A. Lawson

2   I, Janet A. Lawson, could and would competently testify to the following if called to do so:

3   1. I took over this case when Mr. Brent died on January 19, 2004.

4   2. The debtors were entitled to a refund. I contacted Windsor Akim in Los Angeles.  He

5   sent me the forms and a routing slip.  I told him I was making this motion on behalf of the

6   debtors.  I read the local rule.  I worked with the forms Mr. Akim sent.  The forms did not ask for

7   copies of drivers licenses or other form of identification.  The forms did require notarized

8   signatures.  Debtors got their signatures notarized.  The directions that came with the forms

9   directed me to send the motion to Los Angeles (H).

10   3. When I filled out the second motion,  I found the form I used on the court's Web page.

11   It too required notarized signatures. This was done.

12   4. I have not served the creditors with this motion because this was a 100% plan, Exhibit

13   I.  Since they have all been paid, they have no possible interest in this money.

14   5. I made the attached copies of the debtors driver's licenses, Exhibit I.

15   I declare under penalty of perjury that the foregoing is true and correct.  Executed on the

16   ____8th of October,  2004 at Oxnard, California.

17

18   Janet A. Lawson

19

20

21

22

23

24

25

26

27

28   1

0000  4

1                              Declaration of  Pedro Gogue Arceo

2   I, Pedro Gogue Arceo, could and would competently testify to the following if called to do so:

3          1. My wife and I are the debtors in this case.  Pratap Mehta filed a claim in our case on

4   behalf of the Mehta family trust.  The trust held a note on piece of real property which was being

5   purchased by my wife and I and another couple.  While our case was pending the note was paid

6   off because the other couple and  my wife and I were making the regular payments.  A copy of

7   the Substitution of Trustee and Deed of Reconveyance is attached hereto as Exhibit A.

8          2. Because the note was paid off outside the plan, Mr. Mehta's family trust was not

9   entitled to the monies held by the chapter 13 trustee.  Attached as Exhibit B is a copy of a letter

10   from Mr. Mehta stating the money is not his.

11          3. Roger Brent was our lawyer. He died and was quite ill before he died and was unable

12   to help us.

13          4. This is our third attempt to get our money.    We paid our plan off 100%.  The sum due

14   is $16,531.79. *(Exhibit C)* .

15       I declare under penalty of perjury that the foregoing is true and correct.  Executed on the

16   ___8th  of October,  2004 at Oxnard, California.

17

18                            Pedro Gogue Arceo

19

20

21

22

23

24

25

26

27

28                                   1

RECORDING REQUESTED BY:
*We The People*

AND WHEN RECORDED MAIL TO:
Pedro G. Arceo
2421 Kentia St.
Oxnard, CA 93036

_____SPACE ABOVE THIS LINE FOR RECORDER'S USE_____

# SUBSTITUTION OF TRUSTEE AND DEED OF RECONVEYANCE

KNOW ALL MEN BY THESE PRESENTS:  That whereas COMMONWEALTH LAND TITLE
COMPANY, a California corporation, is the present Trustee of record under that certain Deed of
Trust executed on September 20th, 1989, by Trustor(s) PEDRO G. ARCEO AND FLORENTINA
S. ARCEO, husband and wife as joint tenants and MIKE G. RAMIREZ AND LUCY F. RAMIREZ,
husband and wife as joint tenants, and recorded on October 10th, 1989, as Instrument No. 89-
378876, in the office of the County Recorder of San Bernardino, State of California;

AND WHEREAS, the undersigned SHARAD K. MEHTA AND JYOTSNA S. MEHTA, as
Trustee(s) of the Mehta Family Trust, UTD November 18, 1987, is/are the present holder(s) of the
beneficial interest under said Deed of Trust, and hereby appoint(s) themselves as Trustee(s) in place
and stead of said COMMONWEALTH LAND TITLE COMPANY, under said Deed of Trust;

AND WHEREAS, the indebtedness secured by said Deed of Trust has been fully paid and satisfied,
and the Beneficiary has been duly requested to reconvey said property by reason of the payment of
the indebtedness secured by said Deed of Trust;

NOW, THEREFORE, in compliance with said request and inconsideration of the payment of said
indebtedness, said substituted Trustee(s) do(es) hereby reconvey to the Person or Persons legally
entitled hereto, but without warranty, all of the property covered by Deed of Trust now held by said
Trustee under the terms of said Deed of Trust.

IN WITNESS WHEREOF, said SHARAD K. MEHTA AND JYOTSNA S. MEHTA  have caused
their name(s) to be hereto affixed this __29 th__ day of July, 2004.

_____ Trustee  _____Jyotsna S. Mehta_____ Trustee

**EXHIBIT A**

State of CALIFORNIA
County of San Bernardino

On July 29, 2004, before me, MAHMUD M, ISCHANOV, Notary Public personally appeared
SHARAD K. MEHTA AND JYOTSNA S. MEHTA, proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that they executed the same
in their authorized capacity(ies), and that by their signatures(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



MAHMUD M. ISCHANOV
Commission # 1296177
Notary Public - California
Santa Clara County
My Comm. Expires Mar 5, 2005

EXHIBIT A

## Pratap K. (P.K.) Mehta
20716 E. Fuero Dr.,
W_____, CA  91789
(909) 595-8108

September 14, 2004

To
Janet A. Lawson  #107321
3615 S. Victoria Ave., # 7
Oxnard, CA 93035

Ref: Motion for order releasing unclaimed funds, Case number NdOO-11472-RR

Dear Ms. Lawson:

As per our telephone conversation on Monday September 13, 2004,  I am sending you the letter you requested as follows:

Mr. Pedro Arceo and his partners were making me the payment on note and trust deed of $350.00 per month. The property was located in Victor Valley in the county of San Bernardino Judicial district.

In May of 2000 I received the paperwork from the United State Bankruptcy court to fill out the claim form. At that time the balance on the note and trust deed was $16,531.79. I filed that claim on 5-29-2000 as requested by the court.

On Dec., 30, 2003 Mr. Pedro Arceo paid off his balance on the loan and I sent them the original note and trust deed with the reconveyance signed so Mr. Arceo can record the full reconveyance in county of recorders office.

**The Funds held in bankruptcy court now should be release to the rightful owner as Mr. Arceo has paid me in full**

Regards,

Pratap Mehta.

FXHIRIT **B**

0000 8

Case Information

**Case: 00-11472 PEDRO GOGUE ARCEO**
**MARIA SABLAN ARCEO**

Case Status: PAID IN FULL

Data is current as of Friday, October 08, 2004

User: JANET A. LAWSON
Trustee: Elizabeth F. Rojas - Northern Division
Case confirmed on Fri Aug 18, 2000

New Case [ Go! ]

## Case Summary

| | |
|---|---|
| Balance on Hand | $0.00 |
| Last Receipt Date | 05/22/2003 |
| Last Receipt Amt | $6,330.00 |
| Last Disburse Date | 10/14/2003 |
| 341 Meeting Date | 06/16/2000 |
| Date Petition Filed | 05/15/2000 |
| Total Paid into Plan | $63,162.63 |
| Total Disbursed to Creds | $56,204.29 |
| Attorney | ROGER I BRENT |
| Judge | ROBIN RIBLET |
| Plan Term | 36 |
| Percent to Unsecured | 100.00% |



Receipts over last 24 months

|  | Debtor 1 | Debtor 2 |
|---|---|---|
| First Name | PEDRO GOGUE | MARIA SABLAN |
| Last Name | ARCEO | ARCEO |
| Address 1 | 2421 KENTIA STREET | 2421 KENTIA STREET |
| Address 2 | | |
| Address 3 | OXNARD, CA | OXNARD, CA |
| Zip Code | 93036-0000 | 93036-0000 |
| A/K/A | | |
| D/B/A | | |
| Payroll Deduction Amt | | |
| Direct Payment Amt | $2,110.00 MONTHLY | |

| **Attorney** | | **Trustee** | |
|---|---|---|---|
| Attorney Name | ROGER I BRENT | Trustees Percentage | 8.90 % |
| Fee Paid Direct | $950.00 | Paid To Date | $6,140.76 |
| Fee In Plan | $550.00 | **Clerk** | |
| Initial Amount | $550.00 | | |
| Initial Paid | $76.32 | | |
| Attorneys Percentage | $0.00 % | | |
| Reg Pymt Amount | $0.00 | | |
| Months Between Payments | 1 | | |
| | | **Other** | |
| Paid To Date | $550.00 | Total Disb to all Parties | $63,162.63 |

### Dates and Times

| | | | |
|---|---|---|---|
| | | Date Confirmed | Fri Aug 18, 2000 |
| Petition Filed | Mon May 15, 2000 | Ntc of Intent | Tue Nov 07, 2000 |
| Date Plan Filed | Mon May 15, 2000 | | |
| 341 Meeting Date | Fri Jun 16, 2000 | Last Rcpt Date | Thu May 22, 2003 |
| 341 Meeting Time | 2:00 PM | Ntc of Int Amnd | Tue Feb 04, 2003 |
| Conf Hearing Date | Fri Aug 18, 2000 | 341 Cont Meetng Dt | |
| Conf Hearing Time | 10:00 AM | 341 Cont Meetng Tm | |

EXHIBIT C

0000 9

Case Information

| | | |
|---|---|---|
| | Date Closed | Wed Dec 24, 2003 |
| First Payment Date | Wed Jun 14, 2000 | Date Cleared | Fri Sep 12, 2003 |

**Case Status: PAID IN FULL**

### Case Notes

```
------------------------BEGIN ATTORNEY FEE APPL NOTES-----------------------
05/24/00 APPL FOR FEES IN THE SUM OF $550.00 RECIEVED (EC)
07/25/00 APPLICATION FOR FEES IN THE SUM OF $550.00 SENT TO COURT (SA 7/25/00)
07/27/00 APPLICATION FOR FEES IN THE AMOUNT OF $550.00 ORDER ENTERED
(ELH 07/31/00)
12/11/01 DISBURSEMENT CK#11097 $0.02 REVERSED ONLY (AO 12/14/01)
02/19/02 DISBURSEMENT CK#12030 $0.03 REVERSED ONLY (AO 2/21/02)
-------------------------------------------------------------------------------------
```

EXHIBIT C

000010

ORIGINAL



FILED
APR - 8 2004
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re   Arceo, Pedro Gogue          )          BK. No.  ND00-11472-RR
        AND MARIA S. ARCEO          )
                                    )     **MOTION FOR ORDER RELEASING**
                                    )     **UNCLAIMED FUNDS**
                                    )
                                    )     Hearing Date:
                 Debtor(s).         )          Time:
                                    )          Place:

I, under penalty of perjury under the laws of the United States of America declare (or certify, verify, or state) that the following statements and information are true and correct:

**1.**     I request an order releasing the total amount of $11,466.07 _____

which is the sum of all monies deposited with the court on the following date(s) 9/17/93 & 10-14-03 ____ on behalf of the creditor Pratap K. Mehta _____

_____ on claim No.(s) 2 _____

**2.**     (Please check and complete the applicable subparagraph (s) below):

_____ **A.**     I am the creditor named in paragraph 1.

_____ **B.**     I am an employee of the creditor named in paragraph 1 and my title is

_____ .

_____ **C.**     I am the creditor and have appointed

as my lawful attorney-in-fact who is duly authorized by the attached original power of attorney to file this motion.

1

EXHIBIT D

000011

1
2
3

_____ **D.**     Subparagraphs A, B & C above do not apply, but I am entitled to payment of such monies because (submit evidence establishing basis for right to obtain payment).

4
5
6

I am the debtor.  Mr. Mehta says he has been paid, (and he has been paid because other co-debtors made payments while I was in Bankruptcy. Exhibit "A" shows the payments to him were not cashed.  These are the funds that were sent to the clerk of the court.

7
8
9

**3.**     Please complete each of the following subparagraphs:

11     **A.**     The following is the creditor's address and phone number:

12     Mr. Pratap K. Mehta

13     20716 E. Fuero Dr.

14     Walnut, Ca 91789

15     **B.**     And a brief history of the creditor (from the filing of the claim to present) which includes, if applicable, identification of any sale of the company and the new and prior owner(s), and any changes of address.  Submit evidence establishing the sale of the company from the prior to the new owners(s):

18     N/A

19     Debtor's Address:

20     Pedro + Marian Arceo

21     2421 Kentia St.

22     Oxnard CA 93036.

23     This where Refund should be mailed

25
26
27

**4.**     I understand that, pursuant to 18 U.S.C. Section 152, I shall be fined not more than $5,000.00, or imprisoned not more than five years or both, if I have knowingly and fraudulently made any false statements in this document.

28

2

EXHIBIT D     000012

5.   On _____3/27/04_____, a fully completed copy of this document was mailed to the:

United States Attorney
312 North Spring Street
Los Angeles, CA 90012

United States Trustee's Office
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017

Please insert the address of the Trustee (or Reorganized Debtor, or other Fiduciary in charge of claims):

Pedro G. Arceo

2421 Kentia St.

Oxnard, Ca 93036

(Corporate Seal

If applicable)

MARIA  SABLAN  ARCEO
Creditor's Signature* Debtors Signatura
Pedro G. Arceo
Type or Print Creditor's Name

2421 Kentia St.
Creditor's Address
Oxnard, Ca 93036

State of        CALIFORNIA        )
                                  ) ss.
County of       VENTURA           )

On MAR 27th 2004 before me, (insert name and title of the signer), personally appeared
Pedro G. Arceo  and  Maria Sablan
Arceo only

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person (s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

Signature _____

My commission expires on  4-29-07 .

(SEAL)

* All Signatures must be notarized.

3

SHAILENDRA KUMAR BHAWNANI
Commission # 1414506
Notary Public - California
Ventura County
My Comm. Expires Apr 29, 2007

000013

EXHIBIT D

Attorney/Attorney-in-Fact (if appointed)

Signature* _____

Janet A. Lawson
Type or Print Name

3615 S. Victoria Ave. #7
Address
Oxnard, Ca 93035
_____

State of _____ )
                                   ) ss.
County of _____ )

On _____ before me, (insert name and title of the signer), personally appeared

_____

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person (s) whose name(s) is /are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. **WITNESS** my hand and official seal.

Signature _____

My commission expires on _____.                    (SEAL)

* All Signatures must be notarized.

Presented by:

_____

_____

_____

4

Ledger

Page 15 of 15

| Date | | Name | Number | Description | | | |
|------|------|------|--------|-------------|---|---|---|
| 01-22-2003 | | ROGER I BRENT | 0017528 | FEE | | $76.32 | $5,597.48 |
| 03-19-2003 | | CHAPTER 13 TRUSTEE | 0018352 | TRUSTEE FEE | | $531.76 | $5,065.72 |
| 03-19-2003 | 0001 | PRATAP K MEHTA, TRUSTEE | 0018574 | AMOUNT DISBURSED TO | | $5,065.72 | ($0.00) |
| 04-14-2003 | | | 116159 | CASHIER'S CHECK FROM | $6,607.27 | | $6,607.27 |
| 05-22-2003 | | | 129138 | CASHIER'S CHECK FROM | $6,330.00 | | $12,937.27 |
| 05-22-2003 | | CHAPTER 13 TRUSTEE | 0019136 | TRUSTEE FEE | | $627.69 | $12,309.58 |
| 05-22-2003 | 0001 | PRATAP K MEHTA, TRUSTEE | 0019371 | AMOUNT DISBURSED TO | | $5,979.58 | $6,330.00 |
| 06-19-2003 | | CHAPTER 13 TRUSTEE | 0019553 | TRUSTEE FEE | | $575.93 | $5,754.07 |
| 06-19-2003 | 0001 | PRATAP K MEHTA, TRUSTEE | 0019735 | AMOUNT DISBURSED TO | | $5,486.49 | $267.58 |
| 09-10-2003 | | | 0020890 | DEBTOR REFUND/CASE C | | $267.58 | ($0.00) |
| 09-17-2003 | | CLERK OF THE COURT | 0020909 | UNCLAIMED FUNDS CRED | | $5,979.58 | ($5,979.58) |
| 09-17-2003 | 0001 | PRATAP K MEHTA, TRUSTEE | 0019371 | CANCELLED CHECK TO C | | ($5,979.58) | ($0.00) |
| 10-14-2003 | | CLERK OF THE COURT | 0020921 | UNCLAIMED FUNDS CRED | | $5,486.49 | ($5,486.49) |
| 10-14-2003 | 0001 | PRATAP K MEHTA, TRUSTEE | 0019735 | CANCELLED CHECK TO C | | ($5,486.49) | ($0.00) |

| | | |
|---|---|---|
| **Gross Totals** | **$75,087.83** | **$75,087.83** |
| **Less** | **$420.56** | **$0.00** |
| **Net Totals** | **$74,667.27** | **$75,087.83** |

EXHIBIT D    000015



# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### OFFICE OF THE CLERK

**JON D. CERETTO**
Executive Officer
Clerk of Court

April 14, 2004

PEDRO G. & MARIA SABLAN ARCEO
2421 Kentia St.
Oxnard, CA 93036

Re Case #:     ND00-11472RR

Dear Mr & Mrs. Arceo,

Your Motion for Order Releasing Unclaimed Funds has been rejected by the United States Bankruptcy Court, Central District of California. Enclosed is a copy of the Order Denying Request for Release of Unclaimed Funds.

If you have any questions on the Order of Denial, please call Windsor Akim, Financial Assistant, at (213) 894-6153.

Sincerely,

Roberta McNiel
Controller

cc:     Windsor Akim, Financial Assistant

**EXHIBIT E**

ENTERED

APR 1 2 2004

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

FILED

APR 1 2 2004

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re                                        )        Bk. No. ND00-11472RR
                                             )
PEDRO GOGUE ARCEO                            )
MARIA SABLAN ARCEO                           )
                                             )
                                             )        ORDER DENYING REQUEST FOR
                                             )        RELEASE OF UNCLAIMED FUNDS
                                             )        (28 U.S.C. Section 2042,
        Debtor (s)                           )        Bankruptcy Rule 9013,
                                             )        Bankruptcy Local Rule 3011-1)

On April 8, 2004 PEDRO G. ARCEO & MARIA SABLAN ARCEO filed a request for release

of unclaimed funds pursuant to 28 U.S.C. Section 2042.  The request is denied for the following

reason (s):

_____    1.    A request for an order must be made by written motion according to

                 Bankruptcy Rule 9013.  Contact Financial Services at (213) 894-3836 to

                 obtain the appropriate form.

_____    2.    Motion practice in the United States Bankruptcy Court for the Central

                 District of California is controlled by Local Bankruptcy Rule 3011-1 as

                 promulgated by the United States District Court for the Central District of

                 California.  The request does not comply with either Bankruptcy Rule

                 9013 or Local Bankruptcy Rule 3011-1.

_____    3.    Part # _____ of the motion has not been completed.  Not dated & no proof

                 of service provided.

_____    4.    It appears that a copy of the motion was not sent to the claimant.

EXHIBIT E    000017

_____  5.   An original power of attorney was not submitted.

_____  6.   The name of the claimant listed on the trustee's report is not the same as

shown on the motion.  No explanation of the difference is provided.

_____  7.   The address of the claimant listed on the trustee's report is not the same as

shown on the motion and the difference is not explained.

_____  8.   The motion does not list the trustee in the case as having been noticed.

_____  9.   There are insufficient supporting documents showing the claimant to be

the successor-in-interest to the funds claimed.

_____  10.  The corporate seal is not stamped on the motion &/or power of attorney.

_____  11.  The name on the corporate seal does not match the name listed on the

claim.

_____  12.  There is no resolution with seal that verifies the person signing the power

of attorney is authorized to sign on behalf of the creditor.

_____  13.  The supporting documentation that is provided are not certified copies.

__✓____  14.  No documentation provided showing the claimants/debtors are entitled  to

the funds claimed.

__✓____  15.  No proof of identification provided (driver license/passport).

_____  16.  Other:


_____          _____
United States Bankruptcy Judge                    Date
                                                            *April 12, 2004*

JUST1 - REV. 04/00

EXHIBIT E

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| JANET A. LAWSON #107321<br>3615 S. VICTORIA AVE. #7<br>OXANRD, CA 93035<br>(805) 985-1147<br>(805) 985-8857 FAX | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: PEDRO GOGUE ARCERO AND MARIA S. ARCERO | CASE NUMBER ND00-11472-RR |
|---|---|
| | HEARING DATE:<br><br>TIME:<br><br>Debtor. | PLACE: |

## MOTION FOR ORDER RELEASING UNCLAIMED FUNDS

I, under penalty of perjury under the laws of the United States of America declare (or certify, verify, or state) that the following statements and information are true and correct:

1.  I request an order releasing the total amount of $ 11,466.07 _____ which is the sum of all monies deposited with the court on the following date(s) 9/17/2003 AND 10/14/2003 _____ on behalf of the creditor PRATAP MEHTA _____ number(s) TWO _____ on claim

2.  Please check and complete the applicable subparagraph(s) below:

    ☐ a.  I am the creditor named in paragraph 1.

    ☐ b.  I am an employee of the creditor named in paragraph 1 and my title is _____.
    The creditor is still legally entitled to the monies and I am authorized by the creditor to this petition.  Submit evidence establishing authority to act on behalf of creditor.

    ☐ c.  I am the creditor and have appointed _____
    as my lawful attorney-in-fact who is duly authorized by the attached original power of attorney to file this motion.

    ☒ d.  Subparagraphs a, b, and c above do not apply, but I am entitled to payment of such monies because (submit evidence establishing basis for right to obtain payment).

    WE ARE THE DEBTORS.  WE ARE CO-OWNERS OF THE PROPERTY DESCRIBED IN EXHIBIT "A."  WE ONLY

    OWED 1/2 OF THE DEBT, BUT PRATAP MEHTA FILED A CLAIM IN OUR CASE FOR THE FULL AMOUNT OF THE

    NOTE.  THIS CAUSE AN OVERPAYMENT AS THE OTHER OWNERS OF THE PROPERTY WERE MAKING PAY-

    MENTS AS WELL AS THE CHAPTER 13 TRUSTEE ON OUR BEHALF.

*(Continued on next page)*

**EXHIBIT F**



000018

Motion for Order Releasing Unclaimed Funds - *Page 2*                **F 3011-1**

| In re | CHAPTER 13 |
|-------|------------|
| Debtor. | CASE NUMBER ND00-11472-RR |

3.  Please complete each of the following subparagraphs:

   a.  The following is the creditor's address and phone number:

   MR. PRATAP K. MEHTA, 20716 E. FUERO DR., WALNUT CA 91789

   b.  A brief history of the creditor (from the filing of the claim to the present) which includes, if applicable, identification of any sale of the company and the new and prior owner(s).  Submit evidence establishing the sale of the company from the prior to the new owner(s):

   THE CLAIM BELONGED TO SHARAD K. MEHTA AND JYOTSNA S. MEHTA, AS TRSUTEES OF THE MEHTA FAMILY

   TRUST, (SEE EXHIBIT "A," A COPY OF THE "ALL INCLUSIVE DEED OF TRUST; ASSIGNMENT OF RENTS AND

   REQUEST FOR NOTICE").  THEY HAVE SIGNED THE  "SUBSTITUTION OF TRUSTEE AND DEED OF

   RECONVEYANCE,"  EXHIBIT "B" PROVING THE NOTE WAS PAID IN FULL.  THE OVER PAYMENT OCCURED BE-

   CAUSE WE ARE CO-OWNERS, AND MR.  PRATAP MEHTA,  WHO WAS NOT AND IS NOT A TRUSTEE OF THE MEHTA

   FAMIL TRUST, FILED A CLAIM AGAINST US FOR THE FULL AMOUNT OF THE NOTE.

4.  I understand that, pursuant to 18 U.S.C. § 152, I may be fined or imprisoned, or both, if I have knowingly and fraudulently made any false statements in this document.

**EXHIBIT F**

Revised May 2004    This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.    F 3011-1

000019

Motion for Order Releasing Unclaimed Funds - *Page 4*

**F 3011-1**

| In re | | CHAPTER 13 |
|---|---|---|
| | Debtor. | CASE NUMBER ND00-11472-RR |

*~Maria Sablan Arceo~*
Signature of Attorney/Attorney-in-Fact (if appointed)
Debtor

MARIA SABLAN ARCEO
Type or Print Name

2421 KENTIP ST.
Address

OXNARD, CA 93036

STATE OF CALIFORNIA, COUNTY OF VENTURA

On August 24th 2004 before me, personally appeared *(insert name and title of the signer)*
MARIA SABLAN ARCEO only

~personally known to me~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

(SEAL)

Notary Public

My commission expires on 4-29-07

SHAILENDRA KUMAR BHAWNANI
Commission # 1414506
Notary Public - California
Ventura County
My Comm. Expires Apr 29, 2007

Presented by:

**EXHIBIT F**

Revised May 2004    This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 3011-1**

000020

Motion for Order Releasing Unclaimed Funds - *Page 3*

**F 3011-1**

| In re | | |
|---|---|---|
| | CHAPTER 13 | |
| Debtor. | CASE NUMBER ND00-11472-RR | |

(Corporate Seal

if applicable)

*Creditor* Debtor
Pedro Gogue Arceo

*Pedro Gogue Arceo*
Type or Print Creditor's Name

2421 Kentia St.
Creditor's Address

Oxnard, CA 93036

STATE OF CALIFORNIA, COUNTY OF _Ventura_

On _August 24th 2004_ _____ before me, personally appeared *(insert name and title of the signer)*
_Pedro Gogue Arceo only_

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/~~are~~
subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized
capacity(~~ies~~), and that by his/~~her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.  WITNESS my hand and official seal.

(SEAL)

Notary Public

My commission expires on _4-29-07_

SHAILENDRA KUMAR BHAWNANI
Commission # 1414506
Notary Public - California
Ventura County
My Comm. Expires Apr 29, 2007

**EXHIBIT F**

*Revised May 2004*    This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.    **F 3011-1**

000021

Motion for Order Releasing Unclaimed Funds - *Page 5*                    **F 3011-1**

| In re | | CHAPTER 13 |
|---|---|---|
| | Debtor. | CASE NUMBER ND00-11472-RR |

## PROOF OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States of America that on ___9/7/04___
I mailed in a sealed envelope, with postage thereon fully prepaid, a fully completed true and correct copy of the document described as "Motion for Order Releasing Unclaimed Funds" to the United States Attorney, United States Trustee, and other persons and entities required to be served by Local Bankruptcy Rule 3011-1(b) and addressed as follows:

PRATAP MEHTA
20716 E. FUERO DR.
WALNUT CA 91789

OFFICE OF THE UNITED STATES TRUSTEE
128 E. CARRILLO ST.
SANTA BARBARA CA 93101

Please insert the name and address of the trustee appointed in the case and the trustee's counsel, if any:

ELIZABETH ROJAS, CH 13 TRUSTEE

15301 VENTURA BLVD. BULD. B, #400

SHERMAN OAKS, CA 91403

OFFICE OF THE UNITED STATES TRUSTEE

21051 WARNER CENTER LANE #115

WOODLAND HILLS, CA 91367

Please insert the name and address of the Debtor, Debtor in Possession, reorganized Debtor, or other fiduciary appointed to supervise the distribution of funds and assets of the estate (if not the claimant) and their counsel, if any:

PEDRO + MARIAN ARCEO
2421 KENTIA ST.
OXNARD CA 93036

If Movant is not the original creditor or an employee thereof, please insert the name and address of the original creditor and the creditor's counsel, if any:

Date ___9/7/04___

Signature

Type or Print Name   JANET A. CAWSON

**EXHIBIT F**

RECORDING REQUESTED BY

*Commonwealth*

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS OTHER-
WISE SHOWN BELOW, MAIL TAX STATEMENTS TO:

NAME
ADDRESS Sharad & Jyotsna Mehta
CITY & 14293 Saddle Mountain Drive
STATE Los Altos Hills, Ca. 94022
ZIP

Title Order No. 488914-98   Escrow No. 6036 LN

**89-378876**

RECORDED IN
OFFICIAL RECORDS

89 OCT 10 PM 3: 50

SAN BERNARDINO
CO. CALIF.

| 1 FEE | 2 MSYS | 3 PCOR | 4 LIN... |
|---|---|---|---|
| 63 | | | |
| 5 SVY | 5 ___ | DTT | 8 ... |
| | | | G |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

### ALL INCLUSIVE DEED OF TRUST; ASSIGNMENT OF RENTS;
### AND REQUEST FOR NOTICE

This Deed of Trust, made this     20th     day of     September 1989     , between

PEDRO G. ARCEO AND FLORENTINA S. ARCEO, husband and wife as joint tenants
and MIKE G. RAMIREZ AND LUCY F. RAMIREZ, husband and wife as joint tenants , herein called TRUSTOR,

whose address is     2014 Sierra Place, Oxnard, Ca. 93033
(number and street)     (city)     (zone)     (state)

COMMONWEALTH LAND TITLE COMPANY, a California corporation
, herein called TRUSTEE, and

SHARAD K. MEHTA AND JYOTSNA S. MEHTA, trustees of the Mehta Family Trust , herein called BENEFICIARY,
dated November 18, 1987

whose address is     14293 Saddle Mountain Drive, Los Altos Hills, Ca. 94022
(number and street)     (city)     (zone)     (state)

Trustor grants, transfers, and assigns to Trustee, in trust, with power of sale, that property in     San Bernardino     County, California,
described as:

The East ½ of the North ½ of the West ½ of the Northwest ¼ of the Northeast ¼ of Section 22,
Township 6 North, Range 6 West, San Bernardino Base and Meridian.

Trustor also assigns to Beneficiary all rents, issues and profits of said property reserving the right to collect and use the same except during continuance of
default hereunder and during continuance of such default authorizing Beneficiary to collect and enforce the same by any lawful means in person, or by re-
ceiver to be appointed by a court.

This is an all-inclusive deed of trust subject and subordinate to deed(s) of trust encumbering said land hereinafter referred to as "included deeds of trust,"
securing notes hereinafter referred to as "included notes."

The included deeds of trust are more particularly identified as follows:

Deed of Trust recorded in the Office of the Recorder of     San Bernardino     County, California
on     August 22, 1989     , at instrument #89-305619     (Book and Page or Serial Number)

executed by     SHARAD K. MEHTA AND JYOTSNA S. MEHTA, trustees of the Mehta Family Trust
as Trustor in which WHEELER L. HUBBELL AND MARILY J. HUBBELL, husband and wife as joint tenants
is named as Beneficiary and     TICOR TITLE INSURANCE COMPANY OF CALIFORNIA, a California corporation
as Trustee; and

Deed of Trust recorded in the Office of the Recorder of     N/A
on _____ , at _____     County, California
                                            (Book and Page and Serial Number)
executed by _____
as Trustor in which _____
is named as Beneficiary and _____
as Trustee.

For the ...

(i)
prem
payr
calif

A.

(1)
... for th

(2)
and t
cult...
secur

(3)
fire o
Bene
invali

(4)
pay ...
ciary

Com

(Witness)

**STATE OF CALIFORNIA**

COUNTY OF     San Bernardino     } ss.

On     October 10, 1989     , before me, the undersigned,
a Notary Public in and for said State, personally appeared     Ron Axelrod
(or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within Instru-     personally (known to me)
ment, as a Witness thereto, who being by me duly sworn, deposes and says:
That     he     resides in     Apple Valley
Pedro G. Arceo, Florentina S. Arceo, Mike G. Ramirez, Lucy F. Ramirez personally known to     him     ; and that     he     was present and saw
to be the same person     s     described in and whose name     s ARE     subscribed to the within and annexed Instrument as
                                            the     Part ies     thereto, execute and deliver
the same, and     they     acknowledged to said affiant that     they     executed the same; and that said affiant subscribed
     his     name thereto as a Witness.

WITNESS my hand and official seal.

Signature _____

OFFICIAL SEAL
L. NICKERSON
NOTARY PUBLIC-CALIFORNIA
SAN BERNARDINO COUNTY
MY COMM. EXP. JAN. 8, 1991

**89-378876**

000023

Form 3214 (CA 12-82)          (This area for official notarial seal)

EXHIBIT F

(5)   To pay: at least ten days before delinquency all taxes and assessments affecting said property; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6)   To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at seven percent per annum, and to pay for any statement provided for by law regarding the obligations secured hereby in the amount demanded by Beneficiary, not exceeding the maximum amount permitted by law at the time of the request therefore.

B.   IT IS MUTUALLY AGREED THAT:

(1)   Any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned to Beneficiary, who may apply or release such moneys received by him in the same manner and with the same effect as provided for disposition of proceeds of fire or other insurance.

(2)   By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require payment when due of all other sums so secured or to declare default for failure so to pay.

(3)   At any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this deed and such note for endorsement, and without affecting the personal liability or any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map thereof; join in granting any easement thereon; or join in any agreement extending or subordinating the lien or charge hereof.

(4)   Upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

(5)   Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause said property to be sold, which notice Trustee shall cause to be duly filed for record, Beneficiary shall also deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

Trustee shall give notice of sale as then required by law, and without demand on Trustor, at least three months having elapsed after recordation of such notice of default, shall sell said property at the time and place of sale fixed by it in said notice of sale, either as a whole or in separate parcels and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee or Beneficiary as hereinafter defined, may purchase at such sale. The bid by the holder of this note upon the credit of the money obligations secured hereby shall be reduced in an amount equivalent to the then unpaid principal balance of the included notes.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at seven percent per annum; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(6)   This Deed applies to, inures to the benefit of, and binds all parties hereto, their legal representatives and successors in interest. The term Beneficiary shall include any future owner and holder, including pledgees, of the note secured hereby. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(7)   Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(8)   The Trusts created hereby are irrevocable by Trustor.

(9)   Beneficiary may substitute a successor Trustee from time to time by recording in the office of the Recorder or Recorders of the county where the property is located an instrument stating the election by the Beneficiary to make such a substitution, which instrument shall identify the Deed of Trust by recording reference, and by the name of the original Trustor, Trustee and Beneficiary, and shall set forth the name and address of the new Trustee, and which instrument shall be signed by the Beneficiary and duly acknowledged.

(10)   Trustor requests that any notice of default and any notice of sale hereunder be mailed to Trustor at the address hereinabove set forth.

STATE OF CALIFORNIA,
COUNTY OF _____ } SS.

On _____, before me,

a Notary Public in and for said County and State, personally appeared

_____

_____

_____ (known to me)

(or proved to me on the basis of satisfactory evidence) to be the person____ whose name____ subscribed to the within instrument and acknowledged that____ executed the same.

WITNESS my hand and official seal.

Signature _____

PEDRO G. ARCE          FLORENTINA S. ARCE

MIKE G. RAMIREZ        LUCY F. RAMIREZ

FOR NOTARY SEAL OR STAMP

WITNESSED BY:

---

### REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid.

To: _____ Trustee:         Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

MAIL RECONVEYANCE TO:

B-3219 (CA 12-47)

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

EXHIBIT F

000024

RECORDING REQUESTED BY:

*We The People*

WHEN RECORDED MAIL TO:

Pedro G. Arceo
2421 Kentia St.
Oxnard, CA 93036

SPACE ABOVE THIS LINE RESERVED FOR RECORDERS USE

# SUBSTITUTION OF TRUSTEE AND DEED OF RECONVEYANCE

EXHIBIT F
000025

RECORDING REQUESTED BY:
*We The People*

AND WHEN RECORDED MAIL TO:
Pedro G. Arceo
2421 Kentia St.
Oxnard, CA 93036

_____SPACE ABOVE THIS LINE FOR RECORDER'S USE_____

# SUBSTITUTION OF TRUSTEE AND DEED OF RECONVEYANCE

KNOW ALL MEN BY THESE PRESENTS:  That whereas COMMONWEALTH LAND TITLE COMPANY, a California corporation, is the present Trustee of record under that certain Deed of Trust executed on September 20th, 1989, by Trustor(s) PEDRO G. ARCEO AND FLORENTINA S. ARCEO, husband and wife as joint tenants and MIKE G. RAMIREZ AND LUCY F. RAMIREZ, husband and wife as joint tenants, and recorded on October 10th, 1989, as Instrument No. 89-378876, in the office of the County Recorder of San Bernardino, State of California;

AND WHEREAS, the undersigned SHARAD K. MEHTA AND JYOTSNA S. MEHTA, as Trustee(s) of the Mehta Family Trust, UTD November 18, 1987, is/are the present holder(s) of the beneficial interest under said Deed of Trust, and hereby appoint(s) themselves as Trustee(s) in place and stead of said COMMONWEALTH LAND TITLE COMPANY, under said Deed of Trust;

AND WHEREAS, the indebtedness secured by said Deed of Trust has been fully paid and satisfied, and the Beneficiary has been duly requested to reconvey said property by reason of the payment of the indebtedness secured by said Deed of Trust;

NOW, THEREFORE, in compliance with said request and inconsideration of the payment of said indebtedness, said substituted Trustee(s) do(es) hereby reconvey to the Person or Persons legally entitled hereto, but without warranty, all of the property covered by Deed of Trust now held by said Trustee under the terms of said Deed of Trust.

IN WITNESS WHEREOF, said SHARAD K. MEHTA AND JYOTSNA S. MEHTA  have caused their name(s) to be hereto affixed this 29th day of July, 2004.

_____ Trustee  Jyotsna S. Mehta _____Trustee

EXHIBIT F
000026

State of CALIFORNIA
County of San Bernardino

On July **29**, 2004, before me, **MAHMUD M. ISCHANOV**, Notary Public personally appeared SHARAD K. MEHTA AND JYOTSNA S. MEHTA, proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity(ies), and that by their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

MAHMUD M. ISCHANOV
Commission # 1296177
Notary Public - California
Santa Clara County
My Comm. Expires Mar 5, 2005

EXHIBIT F

000027

LBR 3011-1

# LOCAL BANKRUPTCY RULE 3011-1

## PROCEDURE FOR OBTAINING ORDERS RELEASING UNCLAIMED FUNDS

**(a)    FORM OF MOTION REQUIRED**

A request for an order releasing unclaimed funds pursuant to 28 U.S.C. § 2042 shall be made by written motion in compliance with Local Bankruptcy Rule 9013-1, either using the court-approved form "Motion for Order Releasing Unclaimed Funds," or containing all of the information and supported by all of the evidence required by the court-approved form. Failure to comply with this requirement may result in the motion being denied without hearing under Local Bankruptcy Rule 9013-1(a).

**(b)    NOTICE REQUIRED**

A motion for an order releasing unclaimed funds shall be served on at least the following parties:

(1)    United States Attorney for the Central District of California;

(2)    United States trustee for the Central District of California;

(3)    Any trustee (and the trustee's counsel, if any) appointed in the case;

(4)    The debtor, debtor in possession, reorganized debtor, or other fiduciary appointed to supervise the distribution of funds and assets of the estate (and their counsel, if any); and

(5)    If movant is not the original creditor or an employee thereof, on the original creditor, addressed to the attention of the managing officer or person of that creditor, if applicable, and upon the creditor's counsel, if any.

Failure to serve such a motion on the required parties shall result in its denial.



05/02
EXHIBIT G
000028

# UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA
#### OFFICE OF THE CLERK

**JON D. CERETTO**
Executive Officer
Clerk of Court

March 12, 2004

*EX A — PAGE 15 OF TOC*
*B = PACER DOCKET*

JANET LAWSON
3615 S. Victoria Avenue #7
Oxnard, CA 93035

|  |  |
| --- | --- |
| **Re:** | **Undistributed Funds** |
| **Case Number:** | |
| **Amount:** | |

Dear Ms. Lawson,

On February 5, 1991, General Order 91-1, **Order Establishing Procedure for Obtaining Orders Releasing Unclaimed Funds (28 U.S.C. Section 2042)**, was implemented. All requests for release of funds that have been turned over to the Bankruptcy court of the Central District of California must be requested using this procedure. All unprocessed claims do require adherence of General Order 91-1; therefore, we request that you submit your claim(s) using the attached motion.

To pursue and finalize the release of these funds, please review the attached materials and complete the attached motion. Once the motion is completed and has been served on the appropriate parties, mail it to:

### United States Bankruptcy Court
### 255 E. Temple St., Attn:  MAILROOM
### Los Angeles, CA  90012

Your assistance and patience in this process is appreciated. Upon receipt of the attached motion and other supporting documentation, as needed, your claim will be expeditiously processed.

**EXHIBIT H**

000029

**DMV CALIFORNIA DMV**
DRIVER LICENSE
EXPIRES 07-14-05    N6879775    CLASS:C



MARIA SABLAN ARCEO
3651 TAFFRAIL LN
OXNARD CA 93035
SEX:F        HAIR:BRN
HT:5-00      WT:125



EYES:BRN
DOB:07-14-47

06/30/2000 235 RB  FD/05

**DMV CALIFORNIA DMV**
COMMERCIAL DRIVER LICENSE
EXPIRES 09-18-08    C1042231    CLASS:A
ENDORS:PX

PEDRO GOGUE ARCEO
2421 KENTIA ST
OXNARD CA 93036
SEX:M        HAIR:BLK
HT:5-06      WT:185
EYES:BRN
DOB:09-18-37



09/16/2003 560 3S  FD/08

**EXHIBIT** I

000030

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF VENTURA**

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action; my business address is 3615 South Victoria Ave.#7, Oxnard CA 93035-4384.

On the date set forth below I served the foregoing document described as:   Motion for Unclaimed Funds By Debtors: Declaration of Pedro Arceo and Janet A. Lawson on interested parties in this action by:

⌐ electronically transmitting a true copy thereof on the
∟ firm facsimile machine, as well as a true confirmation copy placed in an envelope with postage prepaid, addressed as follows:

See attached list

X    United States mail as addressed above.
∟

I am readily familiar with the firm's practice of collections and processing correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Oxnard, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date, or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 10/13/2004     at Oxnard, California.

JANET LAWSON, #107321
CAROL BRABB

PRATAP MEHTA
20716 E. Fuero Dr.
Walnut CA 91789

Office of the United States Trustee
128 E. Carrillo St.
Santa Barbara, CA 93101

Elizabeth Rojas
15301 Ventura Blvd. Buld. B #400
Sherman Oaks, CA 91403

Office of the United States Trustee
21051 Warner Center Lane #115
Woodland Hills, CA 91367

Edward R. Roybald Federal Building
Attn: Roberta McNeil (Comptroller)
255 E. Temple St.
Los Angeles CA 90012

Pedro and Maria Arceo
2421 Kentia St
Oxnard, CA 93036.